UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHAD PEETS and CARI PEETS, husband and wife; C&C RE PORTFOLIO LLC, a Delaware limited liability company; and 2005 PEETS FAMILY TRUST dated 11/15/05,<br><br>    Plaintiffs,<br><br>v.<br><br>TOWERY PROPERTIES, LLC, a Tennessee limited liability company; TEKTON CONSTRUCTION MANAGEMENT L.L.C., a Washington limited liability company; and DOES 1-5,<br><br>    Defendants. | Case No. 2:24-cv-00229-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |
| TEKTON CONSTRUCTION MANAGEMENT, L.L.C., an Idaho limited liability company,<br><br>    Cross claimant,<br><br>v.<br><br>TOWERY PROPERTIES, LLC, a Tennessee limited liability company,<br><br>    Cross-Defendant. | |

| |
|---|
| TOWERY PROPERTIES, LLC, a Tennessee limited liability company, <br><br> Counterclaimant, <br><br> v. <br><br> CHAD PEETS and CARI PEETS, husband and wife; C&C RE PORTFOLIO LLC, a Delaware limited liability company; and 2005 PEETS FAMILY TRUST dated 11/15/05, <br><br> Counterdefendants. |

## I. INTRODUCTION

Before the Court are Plaintiffs Chad Peets, Cari Peets, C&C RE Portfolios LLC, and the 2005 Peets Family Trust's (the "Peets") Motion to Amend/Correct (Dkt. 77) and Defendant Towery Properties, LLC's ("Towery Properties") Motion to Bifurcate (Dkt. 81).

Upon review, and for the reasons set forth below, the Court GRANTS the Peets Motion to Amend/Correct and DENIES Towery Properties' Motion to Bifurcate.[1]

## II. BACKGROUND

Factually this case is about an accidental fire that destroyed the Peets home in Harrison, Idaho. Towery Properties was the seller of the home and Tekton Construction Management, LLC ("Tekton") was the general contractor who built the home. The Peets have raised claims of breach of contract and negligence. *See generally* Dkt. 68.

On May 2, 2024, the Peets filed their original complaint in this matter. Dkt. 1. On

---

[1] The Court finds the facts and legal arguments are adequately presented and will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

MEMORANDUM DECISION AND ORDER - 2

June 19, 2024, the Peets amended their complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). Dkt. 20.

On November 13, 2024, the Court extended the deadline to amend pleadings and join parties to January 21, 2025. Dkt. 39. On January 21, 2025, the Peets filed a motion for leave to file a second amended complaint ("SAC") to join Towery Holdings, LLC ("Towery Holdings") as a defendant on an alter ego theory. The Court ultimately granted that Motion. *See* Dkt. 67.

The Peets now seek leave to add the members of Towery Holdings—William McClain Towery, Jacqueline Thompson Towery, and the 2012 Jacqueline Thompson Towery Family Trust—as parties to this case.[2]

### III. DISCUSSION

**A. Motion To Amend (Dkt. 77)**

*1. Legal Standard*

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The Rule 15

---

[2] The Peets claim they were preparing the instant motion shortly after they filed their original Motion to Amend but that the Court issued its decision before they were able to file. Dkt. 77, at 2–3. The Peets filed their prior Motion on January 21, 2025. Dkt. 43. The Court issued its decision some six months later on July 15, 2025. Dkt. 67. Although not required, the Peets could have updated the Court and/or asked the Court to delay ruling. But the Court had no knowledge of the Peets' plans and issued its decision on its own timeframe.

MEMORANDUM DECISION AND ORDER - 3

"policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation modified).

Unless a complaint is amended as a matter of course, "a party may amend its pleading only with the opposing party's consent or the court's leave." F.R.C.P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. Courts apply this standard with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The decision to grant or deny leave to amend is reviewed under an abuse of discretion standard. *Pisciotta v. Teledyne Indus.*, 91 F.3d 1326, 1331 (9th Cir. 1996). The following factors are considered in evaluating whether leave to amend should be granted: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 275 F.3d 805, 808 (9th Cir. 2003).

While futility can be a basis to deny amendment, it must rise to the level of clear legal insufficiency under the standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under *Iqbal* and *Twombly*, a complaint must merely contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 678 (quoting *Twombly*, 550 U.S. at 570). This is not a high bar. The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

Under Federal Rule of Civil Procedure 20, persons may be joined as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with

respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."

2. *Analysis*

Defendant Towery Holdings is the sole member of Defendant Towery Properties. Jacqueline Towery, McClain Towery, and the Towery Family Trust are the members of Towery Holdings. Based on information learned through discovery, the Peets now believe Towery Properties is not only the alter ego of Towery Holdings, but the alter ego of Jacqueline Towery, McClain Towery, and the Towery Family Trust. As a result, the Peets allege Jacqueline Towery, McClain Towery, and the Towery Family Trust must be joined as defendants and should be held liable for any damages awarded under an alter ego theory.

Generally speaking, the Peets assert the Court's analysis and reasoning for granting their prior motion to amend—to add Towery Holdings—applies equally here as well. Particularly where the current request is essentially an extension of the prior request. And for its part, Towery Holdings' arguments against leave to amend are reminiscent of its (and Towery Properties') prior arguments against the Peets first motion for leave to amend.

To the extent the Parties' arguments for and against amendment are similar to the arguments the Court already analyzed, it will not repeat that analysis here. The Court already held that the Peets met their burden and that the amendments as to Towery Holdings were not futile, prejudicial, or the result of bad faith. *See generally* Dkt. 67, at 6–9. The question is whether the Court's analysis holds true as applied to the individual members of Towery Holdings. The Court finds its analysis remains applicable to these parties and will only briefly address a few matters at this time.

First, it was not until after January 21, 2025, that the Peets learned Towery Properties was essentially a shell company for Towery Holdings and, furthermore, that Towery Holdings had no outright ownership of any assets of any significance and had transferred assets and/or money from Towery Holdings to its individual members. The Peets were diligent, and the Court finds no indication of bad faith or delay.

Second, the Court has already held the Peets' veil piercing claims were not futile. Dkt. 67, at 6–7. That the Peets have now had to dig a level deeper—because of Towery Holdings and its members' actions in moving assets—illustrates the Court's point. As the Court previously highlighted, the parties here are sophisticated. They know how to structure corporate businesses and entities to achieve optimal results. And there is nothing wrong or illegal about that. However, the Peets have alleged sufficient facts to support the idea of shared ownership and control, the commingling of assets and personnel, and the transfer of funds and/or property to render certain entities undercapitalized or judgment proof. Those facts are sufficient to support the claims for relief under a veil piercing theory.

Finally, there is little to no prejudice in allowing amendment at this stage as discovery is ongoing, dispositive motions are not due for many months, and no trial date has been set.

In sum, the Court finds the Peets have meet their burden. As a continuation of their prior efforts, the addition of these defendants is appropriate at this stage. The Court finds no reason to formally change the scheduling order, but simply finds good cause under Rules 15 and 16 to grant leave to amend. The Peets shall file a clean version of their Third Amended Complaint forthwith.

MEMORANDUM DECISION AND ORDER - 6

B. **Motion to Bifurcate (Dkt. 81)**

As it relates to the above, Towery Holdings has also moved the Court for an order bifurcating the issues of liability and damages at trial. Specifically, Towery Holdings is concerned about discovery that amounts to veil piercing and requests a stay of any such discovery pending resolution of Towery Properties' liability at trial. Towery Properties has joined in the motion (Dkt. 83) and Tekton has filed a notice of non-opposition (Dkt. 86). The Peets strongly oppose the request. Dkt. 85.

   1. *Legal Standard*

Federal Rule of Civil Procedure 14(a)(4) provides that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." The Advisory Committee notes explain that "after [a] third-party defendant is brought in, the court has discretion to . . . sever the third-party claim or accord it separate trial if confusion or prejudice would otherwise result." Fed. R. Civ. P. 14(a)(4) (committee notes to 1963 amendments). Federal Rule of Civil Procedure 21 similarly gives the Court authority to sever any claim against a party. Finally, Rule 42(b) provides that a Court may "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for "convenience, to avoid prejudice, or to expedite and economize" trial proceedings. Fed. R. Civ. P 42(b).

As it relates to a stay, the Ninth Circuit has long held that a Court should consider numerous "competing interests" when determining whether a stay is appropriate. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are "the possible damage which may result from the granting of a stay, the hardship or inequity

which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues . . . ." *Id.*

    *3. Analysis*

Towery Properties asks the Court to bifurcate trial, and stay discovery on damages, on the theory that doing so would be economical and convenient. The Peets allege the opposite: that it would be "inconvenient and wasteful" to bifurcate trial and discovery into two separate tracks. Dkt. 85, at 5.

The Court appreciates the conundrum. If, on the one hand, the Court requires the parties to proceed with discovery concerning damages at this stage, but the jury does not find in the Peets favor at trial, all the work regarding damages will have been for naught. But the opposite is also true. If the Court holds off on any discovery related to damages, or prohibits any veil piercing and the jury finds in favor of the Peets, the Court will have to dismiss the jury, wait weeks (or months) for the additional discovery, and then re-empanel an entirely separate jury just for damages.

The possibility of unnecessary discovery is, unfortunately, not unique to this case and is par for the course in litigation. A party often engages in discovery that is ultimately superfluous at trial—either because the claims have been narrowed at summary judgment, because there are admissibility issues with the evidence, or because the jury simply never gets to the relevant question (such as damages).

Furthermore, it would be detrimental to all if the Court were to wait until after liability is determined to even *begin* discovery on damages. Even if the discovery is relatively straightforward—which is not clear at this point—the parties would likely need

a number of weeks (or months) to get ready for the damages trial. Moving forward in such a manner does not lend itself to Rule 1 and the Court (and counsel's) duty to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The most effective thing to do is engage in damages discovery now in order to be prepared for whatever happens at trial.

Now, all of this is not to say the Court will not "bifurcate" trial to a certain degree. The Court is amenable to, and has followed in the past, a trial schedule where liability is tried first and damages are only addressed *once liability is determined*. However, there is only one trial—is it simply broken up into phases. Such a procedure alleviates any concerns about prejudice or the ability to pay—something Towery Holdings is also concerned about—but does not require an additional jury (and all the logistics that come with a second trial). If liability is found, the jury is simply instructed that the trial will move to "phase two" and the damages portion will be presented.

In short, the Court finds Towery Holdings has not met their burden of establishing that bifurcation and a stay is in the best interest of this case. For that reason, the Court is DENYING the Motion. That said, as trial approaches, the Court and counsel will discuss holding the trial in phases as outlined above.

## IV. ORDER

The Court **HEREBY ORDERS**:

1. The Peets' Motion to Amend (Dkt. 77) is GRANTED. The Peets shall file a clean version of their Third Amended Complaint within seven days of the date of this order.

2. Towery Holdings' Motion to Bifurcate (Dkt. 81) is DENIED.

DATED: February 12, 2026

_____
David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 10